Filed 2/22/24  In re M.S. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re M.S., a Person Coming Under the Juvenile Court Law. | B331208 (Los Angeles County Super. Ct. No. 21CCJP01935) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>J.H.,<br><br>     Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Marguerite D. Downing, Judge.  Conditionally affirmed and remanded.

Roshni Mehta, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, and Sally Son, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

J.H. (mother) appeals from an order denying her Welfare and Institutions Code section 388[1] petition and an order terminating parental rights to M.S. (the child) pursuant to section 366.26. We conditionally affirm and remand.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263, fn. omitted [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments. [Citation.] In order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

Mother contends that the juvenile court and the Los Angeles County Department of Children and Family Services

_____

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

2

(Department) did not comply with their inquiry obligations under the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California statutes (§ 224 et seq.). According to mother, the Department failed to interview known maternal relatives—maternal grandmother M.O.; maternal uncles C.H., R.H., and J.H.; and maternal aunt M.H.—and any paternal relatives[2] about the child's possible Indian ancestry.

The Department concedes error and requests that we conditionally affirm the order terminating mother's parental rights[3] to the child and remand the matter for IWCA inquiry compliance.

We agree with the parties that this case involves reversible error because there was noncompliance with the requirements of ICWA and related California law. (See *In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) Specifically, the Department did not interview the child's maternal grandmother, maternal uncles, maternal aunt, or paternal relatives about Indian ancestry. We will therefore conditionally affirm and remand for further proceedings.

---

[2] This allegation may be inaccurate as the Department contacted Marilyn S., who is described as a maternal aunt but appears to be a paternal aunt, and inquired about Indian ancestry.

[3] The Department does not include the order denying mother's section 388 petition. This appears to be an oversight.

## DISPOSITION

The juvenile court's order denying mother's section 388 petition and the order terminating mother's parental rights to the child are conditionally affirmed and remanded for further proceedings required by this opinion. The court shall order the Department to make reasonable efforts to interview available extended maternal family members, including maternal grandmother M.O.; maternal uncles C.H., R.H., and J.H.; and maternal aunt M.H., and any available extended paternal family members about the possibility of the child's Indian ancestry and to report on the results of those efforts. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the child. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating mother's parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

I concur:

MOOR, J.

4

In re M.S.
B331208


BAKER, Acting P. J., Dissenting


      I would affirm unconditionally because substantial evidence supports the juvenile court's finding that the Indian Child Welfare Act does not apply.  (*In re A.C.* (2022) 86 Cal.App.5th 130, 132 (dis. opn. of Baker, J.); *In re Ezequiel G.* (2022) 81 Cal.App.5th 984; *In re H.V.* (2022) 75 Cal.App.5th 433, 439 (dis. opn. of Baker, J.).)


                        BAKER, Acting P. J.